IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FARRELL KAHN,<br><br>    Plaintiff,<br><br>vs.<br><br>M.W. (MERT) HAMILTON,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REQUIRE DEFENDANT HAMILTON TO TURN OVER CERTAIN ASSETS<br><br>Case No. 2:02-CV-324 TS |

This matter is before the court on Plaintiff's Motion to Require Defendant Hamilton to Turn Over Certain Assets. Defendant has not responded to this motion, but has stipulated to an injunction against transfer of the disputed assets pending discovery proceedings under Fed.R.Civ.P. 69 and the discovery rules.

In support of his Motion Plaintiff cites two cases[1] arising in New York state and seeks what is styled as a "turn over" order for several BLM mining claims allegedly owned

---

[1] *Interpool Ltd. v. Pattrson*, 890 F.Supp. 259, 269 (S.D. N.Y. 1995); *Clarkson Co. Ltd. v. Shaheen*, 533 F.Supp. 905, 910 (D.C. N.Y. 1982).

by Defendant.  The Court having considered the Motion finds that Plaintiff's post-judgment remedies are set forth in Fed. R. Civ. P. 69.  That rule:

> directs that "[p]rocess to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise.  The procedure on execution . . . shall be in accordance with the practice and procedure of the state in which the district court is held. . . ."  The "otherwise" clause is narrowly construed.  It does not authorize enforcement of a civil money judgment by methods other than a writ of execution, except where "well established principles [so] warrant."[2]

As Plaintiff's cited cases reveal, there is a procedure for turn over orders under New York law.[3]  That New York law sets forth a special process that may be used to set aside fraudulent conveyances in New York.[4]  In contrast to those cases relied upon by Plaintiff, the present case involves neither allegations of a fraudulent conveyance nor New York law or property.  Plaintiff does not cite any authority for such a turn over order under Utah law, the post-judgment law made applicable to cases filed in this district under Fed.R.Civ.P. 69.  The Court finds and concludes that the turn over order requested is not available in this case under Rule 69 and applicable Utah law.  Although the specific form of a post-judgment remedy sought in the motion--a turn over order--is not available under Rule 69 and applicable law, other process to enforce the federal judgment is available pursuant to

---

[2]*Aetna Cas. & Sur. Co. v. Markarian,* 114 F.3d 346, 349 (1st Cir. 1997) (quoting 13 J. Moore, Moore's Federal Practice ¶ 69.02, at 69-5 to -7 (3d ed.1997) (other internal citations omitted).

[3]*Interpool Ltd.*, 890 F.Supp. at 269 (applying N.Y. C.P.L.R. § 5225(b) and (c); *Clarkson Co.*, 533 F.Supp. at 910 (same).

[4]*Id.*

2

Rule 69, DUCivR 69-1 and Utah law.  The Court notes that such matters are usually raised by a motion filed under DUCivR. 69-1(a) and assigned to a magistrate judge.   It is hereby

ORDERED that Plaintiff's Motion to Require Defendant Hamilton to Turn Over Certain Assets is DENIED WITHOUT PREJUDICE and Plaintiff shall proceed under Fed.R.Civ.P. 69, DUCivR. 69-1, and applicable Utah law.

DATED this 13th day of June, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge